STATE OF WEST VIRGINIA

FILED

October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES SONES,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0655** (BOR Appeal No. 2047982)
    (Claim No. 2011007802)

**LEDCOR HOLDINGS (USA) LTD.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Sones, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ledcor Holdings (USA) LTD., by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 9, 2012, decision which denied a request to reopen the claim for temporary total disability benefits from August 17, 2010, to the present. In its Order, the Office of Judges also affirmed the claims administrator's March 9, 2012, decision which denied a request to add displaced lumbar disc, lumbar spondylosis, and cervical spondylosis without myelopathy to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sones, a construction worker, was injured in the course of his employment when he slipped and fell down a hill on August 17, 2010. His claim was held compensable on a no lost time basis for lumbar, cervical, and left shoulder sprains/strains by an Order of the Office of Judges on November 14, 2011. In that Order, the Office of Judges also held that the medical

1

evidence failed to show that Mr. Sones was temporarily and totally disabled. Ledcor Holdings (USA) LTD., offered Mr. Sones light duty work following his injury, which he utilized for a short period before leaving the position without notification.

On January 5, 2012, Jessica Thomas, C.F.N.P., diagnosed Mr. Sones with lumbar spondylosis, cervical spondylosis without myelopathy, and displaced lumbar disc. Her treatment note indicates that a cervical MRI revealed mild spondylosis and foraminal narrowing, and a lumbar MRI revealed severe degenerative disc disease and disc herniations causing stenosis. She requested a diagnosis update for the conditions. Based upon Ms. Thomas's findings, Mr. Sones filed to reopen his claim for temporary total disability benefits from August 17, 2010, to the present based upon an aggravation or progression of his condition and facts not previously considered. He also requested a reopening for medical benefits; however, he indicated that he had suffered no new illness or injury. The form was signed by Ms. Thomas who also indicated that there had been no aggravation or progression of a compensable injury since Mr. Sones was released to return to work days after his work-related injury. Mr. Sones testified in a deposition on April 19, 2012, that his pain had somewhat worsened since his compensable injury and stated that he had not been involved in any accidents since August 17, 2010.

David Collipp, M.D., performed an independent medical evaluation of Mr. Sones on June 28, 2012. At that time, Mr. Sones reported pain in his thoracic, lumbar, and cervical spine. Dr. Collipp diagnosed left shoulder strain and found that Mr. Sones reached maximum medical improvement three months after the compensable injury. He found no permanent impairment from the injury and opined that the neck and low back complaints are not casually related to the compensable injury. He did find that the medical records indicate Mr. Sones has cervical and thoracic strains but those strains do not result in permanent impairments. He determined that spondylosis, disc displacement, myelopathy, and radiculopathy are not casually connected to the work-related injury. Dr. Collipp noted that the MRIs Ms. Thomas relied upon were not made available for his review.

The claims administrator denied a request to reopen the claim for temporary total disability benefits from August 17, 2010, to the present in its March 9, 2012, decision. In another decision of the same date, the claims administrator denied a request to add displaced lumbar disc, lumbar spondylosis, and cervical spondylosis without myelopathy to the claim. The Office of Judges affirmed both of the claims administrator's decisions in its December 13, 2012, Order.

The Office of Judges found that the claim was held compensable on a no lost time basis by an Office of Judges' decision. In that decision, the Office of Judges also determined that there was no evidence demonstrating that Mr. Sones was entitled to temporary total disability benefits. In the instant case, Mr. Sones submitted medical reports from Ms. Thomas in which she opined that he was temporarily and totally disabled from August 17, 2010, to the present. Neither she nor Mr. Sones indicated that he had sustained an aggravation or progression of his compensable injury. The Office of Judges determined that since Ms. Thomas did not begin treating Mr. Sones until January 5, 2012, her assertion that he was temporarily and totally disabled before that date was not credible. It did find that she could reasonably represent that he was temporarily and totally disabled from January 5, 2012, to the present; however, she does not allege that he

2

suffered an aggravation or progression of his compensable injury. She stated that Mr. Sones's disabling conditions involve a lumbar disc displacement, lumbar spondylosis, and cervical spondylosis without myelopathy. The Office of Judges determined that nothing in Ms. Thomas's report indicates Mr. Sones is disabled from returning to light duty work based upon his compensable injuries.

The Office of Judges noted that the diagnosis update was requested by Ms. Thomas, not Richard Clatterbuck, M.D., for whom she worked. The evidence does not show that Dr. Clatterbuck had any direct involvement in this case. The Office of Judges also noted that the cervical and lumbar MRIs that Ms. Thomas relied upon are not of record. It was therefore determined that Dr. Collipp's opinion was of greater evidentiary value than that of Ms. Thomas and that the preponderance of the evidence failed to establish a causal connection between the requested diagnoses and the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 20, 2013, decision. We agree with the reasoning and conclusions of the Board of Review. There is no indication that Mr. Sones suffered a progression or aggravation of his compensable injury that would justify a reopening of his claim for temporary total disability benefits. Additionally, the evidentiary record fails to show that the requested diagnoses are causally connected to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II